QUESTION PRESENTED AND CONCLUSION
 Question: Are metropolitan sewage disposal districts mandated to participate in the County, Municipal, and Political Subdivision Officers' and Employees' Retirement Systems pursuant to § 24-54-101, et seq.
C.R.S. (2005)?
Answer: No. Participation by metropolitan sewage disposal districts and other qualifying public employers is permitted, but not mandatory.
BACKGROUND
The Colorado County Officials' and Employees' Retirement Association, ("CCOERA") provides retirement plans to participating counties, special districts, metropolitan sewage disposal districts, municipalities and other public employers in Colorado pursuant to § 24-54-101(1), C.R.S. (2005).
In May 2004, the State Auditor completed a Performance Audit regarding CCOERA's retirement plans and made recommendations to the General Assembly. See Report of the State Auditor, Colorado County Officials andEmployees Retirement Association Performance Audit, (May 2004)("Report"). In particular, the Auditor suggested statutory clarification, "regarding what entities are permitted to participate in the plans and establish and document a process for ensuring that potential new member employers are statutorily eligible to participate."See Report, at 8. The Auditor concluded that only a narrow category of employers were eligible to participate in CCOERA. Id. at 64; see §24-54-101(2), C.R.S. (2004). The Auditor's Report *Page 2 
determined that certain public employers had been participating in CCOERA without legal authorization. Id. at 65. As a remedy, the Auditor suggested the General Assembly clarify and expand the category of employers permitted to participate. Id. at 8, 64.
The Report prompted the General Assembly to amend CCOERA's statutes.See Administration of Retirement Plans Created by Local Governments:Hearing on S.B. 05-010 before the S. Comm. on Local Gov't, 2005 Leg., 65th 1st Reg. Sess. (Colo. 2005); Administration of Retirement PlansCreated by Local Governments: Hearing on S.B. 05-010 before the H. Comm.on Local Gov't, 2005 Leg., 65th 1st Reg. Sess. (Colo. 2005). The change most pertinent to this opinion is the General Assembly's repeal of §24-54-101(2). This paragraph provided:
 (2) Any district organized or existing pursuant to part 2 of article 20 of title 30, part 5 or 6 of article 25 of title 31, or title 32, except article 8, C.R.S., referred to in this article as a "district", and not otherwise having a pension fund
may, by itself or in conjunction with any other district organized pursuant to said part 2 of article 20 of title 30, part 5 or 6 of article 25 of title 31, or title 32, except article 8, C.R.S., or in conjunction with any county covered by this article, authorize, establish, and maintain a general plan or system of retirement benefits for its employees, or any class thereof, subject to appropriations available therefor.
§ 24-54-101(2), C.R.S. (2004) (emphasis added). Metropolitan sewage disposal districts had relied on the "and not otherwise having a pension fund" language in subsection 2 to support their conclusion that they were not required to participate in CCOERA because they already had a pension fund in effect. The issue presented is whether the repeal of subsection 2 requires metropolitan sewage disposal districts and other public employers to participate in CCOERA.
DISCUSSION
Clear statutory provisions should be applied in a manner consistent with their plain and ordinary meaning. Vigil v. Franklin, 103 P.3d 322,327 (Colo. 2004). Statutes should be read as a whole, giving sensible effect to all of its parts whenever possible. Mortgage Invs. Corp. v.Battle Mountain Corp., 70 P.3d 1176, 1183, (Colo. 2003). In construing a statute, courts must effectuate the intent and purpose of the General Assembly. See Weld County Sch. Dist. RE-12 v. Bymer, 955 P.2d 550, 554
(Colo. 1998).
Section 24-54-101 details the entities permitted to establish retirement systems pursuant to the statutory scheme. Specifically, §24-54-101(1) lists entities that are "authorized" to join; subsection (3) states that certain entities who have already established plans pursuant to title 31, C.R.S., "may" affiliate with a retirement plan established pursuant to § 24-54-101, et seq.; subsection (5) pronounces that certain entities not participating in social security pursuant to title 53, C.R.S., "shall also have the authority" to establish a plan pursuant to § 24-54-101, et seq.; subsection (6) provides that the board of any retirement plan "may" participate; and subsection (7) states that entities already providing retirement system pursuant to § 24-54-101, etseq., even though previously not authorized to do so, "shall be allowed to remain in the plan or system." Metropolitan sewage disposal districts are included among those "authorized" to establish a *Page 3 
CCOERA plan as a political subdivision. See § 24-54-101(1), C.R.S. (2005). The plain and ordinary meaning of the above-highlighted terms of § 24-54-101(1) through (7) are permissive and not mandatory in nature. Thus, while the legislature repealed § 24-54-101(2), C.R.S. (2004) on which the metropolitan sewage disposal districts relied to support their conclusion that they were not required to participate in CCOERA, the language of SB 05-010 makes clear that their participation is permitted, but not mandatory.
The legislative history also indicates that the changes to CCOERA's statutes were not intended to require public employers to participate, but rather to expand the categories of employers who may participate. Specifically, during the hearing on SB 05-010 before the House Committee on Local Government, Representative Fran Coleman stated that changes to CCOERA were necessary to expand it to more members, and to allow any political subdivision to be a part of CCOERA at their discretion. SeeAdministration of Retirement Plans Created by Local Governments: Hearingon S.B. 05-010 before the H. Comm. on Local Gov't, 2005 Leg., 65th 1st
Reg. Sess. (Colo. 2005) (statement of Representative Fran Coleman, Member, House Comm. on Local Gov't). Representative Coleman also commented that changes were needed to clarify who may be members of CCOERA. Id. These comments, coupled with the permissive language of the statute and the fact that the Auditor's recommendations prompted the changes, substantially support the conclusion that the General Assembly intended to provide legal authority for public employers to participate in CCOERA if they so desired, not to mandate that they join.
CONCLUSION
For the reasons indicated above, I conclude that the repeal of section24-54-101(2), C.R.S. (2004) does not require metropolitan sewage disposal districts and other public employers to participate in CCOERA. However, the public entities authorized by statute may chose to participate in CCOERA at their discretion.
Issued this 30th day of March, 2006.
_________________________
JOHN W. SUTHERS
Colorado Attorney General